Frank S. McCullough, J.
In an action for a permanent injunction the plaintiff moves by way of an order to show cause for a temporary injunction against any work stoppage pending the determination of the action.
The plaintiff operates the public school system in the Towns of Carmel and Putnam Valley. The defendants are officers and members of the Mahopac Civil Service Employees Association, hereinafter referred to as the Union. The Union is composed of approximately 85 employees of the plaintiff who work as bus drivers, maintenance men and custodians. Of the total membership of the Union 33 are bus drivers.
During the winter, spring and summer of 1969 the plaintiff and defendant engaged in collective bargaining, but were unable to agree upon a contract. In May of 1969 the plaintiff applied for assistance to the Public Employment Relations Board (P. E. R. B.). The board appointed a representative to hear and make recommendations to the parties which was done. It *819 appears from the papers that the Union was willing to go along with his recommendations, hut the plaintiff was not, and the impasse continued.
On September 4, 1969, the schools in the district opened and on that day 35 members of the Union failed to appear for work. Of that number 28 were bus drivers. The plaintiff, taking the position that this was a work stoppage of the type prohibited by the Taylor Law, commenced this action and brought on this motion for a temporary restraining order.
On the argument of the motion, the attorney for the defendant Union denied that there was any strike or concerted work stoppage and claimed that as a result of a party the night before, the 35 employees involved did not feel well enough to go to work. He further stated that all employees were on the job the following day and that they would continue to work and that no restraining order was necessary.
The court cannot credit the argument that nearly half of the members of the defendant Union became ill at the same time and finds that there was a work stoppage. The temporary injunction will issue as prayed for, but without penalties or damages.
In passing, while the court has no power and no intention to force a settlement of the labor dispute between the parties, it would urge both sides to seriously examine their positions. In the papers and on the argument, each side accuses the other of being intransigent. On the other hand, most of the members of the defendant Union have children attending schools in these communities and obviously everyone has a real interest in a fair and just determination of the issues. The court strongly recommends that the principals of the parties, as well as their attorneys, sit down together and make a sincere effort to reach an equitable settlement and thus render further litigation unnecessary.